UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

PILOT TRAN,

    Petitioner,

V.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5: 20-34-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Pilot Tran is a federal inmate confined at the Federal Medical Center in Lexington, Kentucky. Tran filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions against him [R. 1], to which the warden has responded [R. 9]. The deadline for Tran to file any reply in further support of his petition has passed without any filing. *See* [R. 5 at 2]  This matter is ripe for decision.

**I**

In November 2018, when Tran was confined at a federal correctional institution in Mississippi, an officer of the Bureau of Prisons ("BOP") conducted a "pat down" search of Tran and found a portable music player on his person. Further search of the device revealed that it contained a small memory card. Tran was then charged with Prohibited Act Code 199, Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution (Most Like Code 108, Possession of a Hazardous Tool). [R. 1-2; R. 9-1 at 9]  Two weeks later, a Disciplinary Hearing Officer ("DHO") held a hearing on the charge. Tran denied committing the offense, but offered neither evidence nor testimony in his defense. The DHO issued a Report finding Tran

guilty of the charge, and imposed various sanctions including the loss of good conduct time. [R. 1-3; R. 9-1 at 10-15]

Before he had received a copy of the DHO's Report, on December 14, 2018, Tran filed an appeal to the Southeast Regional Office ("SERO") claiming that he had picked up the wrong portable music player when leaving his cell and that the one found on his person did not belong to him. [R. 1-4] Tran had not previously made this assertion to either the BOP officer who frisked him or to the DHO. Tran received a copy of the DHO Report on December 21, 2018. Tran filed a second appeal of his disciplinary conviction to SERO five days later, but again failed to attach a copy of the DHO Report to it. Tran filed a third appeal of his disciplinary conviction to SERO on January 4, 2019, and for a third time failed to include a copy of the DHO's decision. [R. 1-5; R. 9 at 5]

SERO rejected Tran's first, second, and third appeals – each for failure to include a copy of the DHO Report – on April 3, 2019; March 7, 2019, and April 24, 2019, respectively. [R. 9 at 5-6] In early March 2019, Tran was in transit to FMC-Lexington when SERO issued one of its rejections, and hence he did not immediately learn of its response. On March 12, 2019, Tran obtained a status report on his grievance from a BOP staff member, and the report indicated that his grievance had been rejected. [R. 1-7] The same day Tran sent a letter to SERO asking it to send a copy of its response to him at FMC-Lexington. [R. 1-6]

On April 15, 2019, Tran submitted yet another appeal to SERO. [R. 1-8; R. 9 at 6] In this appeal, Tran complained about the BOP's grievance procedures, and reiterated his contention that the music player did not belong to him. He also complained, accurately, that the DHO Report twice referred to an inmate other than himself as having committed the offense, an obvious scrivener's error. [R. 1-9] SERO rejected Tran's appeal on June 10, 2019, stating that he had

submitted his appeal "to the wrong level. You should have filed at the institution, regional office, or central office level." Standing alone, that statement doesn't makes sense: DHO appeals are heard initially at the regional level, where Tran had in fact filed his appeal. But in the remarks section of its rejection notice SERO clarified that Tran should "resubmit [his] appeal to the designated regional office for review." [R. 1-10] The "designated regional office" for inmates held at FMC-Lexington is the Mid-Atlantic Regional Office ("MARO"). [R. 9 at 6]

Tran did not resubmit his appeal to MARO; instead, on July 7, 2019 he appealed to the BOP's Central Office, contending that SERO had not timely responded to his appeal, even though it had never accepted it. [R. 1-11, R. 1-12] The Central Office rejected Tran's appeal, concurring with SERO that Tran sent his initial appeal to the wrong regional office. [R. 1-13] Instead of re-fling his appeal with MARO as directed by both SERO and the Central Office, in mid-August 2019 Tran sent a letter and appeal to SERO insisting that his appeal was properly directed to it. [R. 1-14] Predictably, SERO rejected it, although incorrectly stating that Tran's appeal should have been filed with the North Central Regional Office. [R. 1-15; R. 9 at 6] Tran did not attempt to comply, instead sending a letter to the Central Office on September 11, 2019 stating that "[t]his is not an appeal of the charge. This is a request that you order <u>someone</u> to hear this appeal at some point." [R. 1-16]

Tran begins his petition by contending that the BOP's application of its own administrative remedy process was error-prone and haphazard, and therefore he should be excused from complying with it upon grounds of futility. [R. 1 at 3-4; 6-8] Substantively, Tran concedes that he possessed the portable music player, but argues that: (1) the portable music player could not be used as a weapon and could not disrupt the institution, and he is therefore innocent of the disciplinary charge of which was convicted; (2) the device found on his person did not belong to

3

him; and (3) the DHO Report's references to another inmate undermines its validity. [R. 1 at 5-6; 8-9] The warden responds that Tran repeatedly failed or refused to follow directions from SERO regarding the proper place and manner to appeal his disciplinary conviction, and thus failed to exhaust his administrative remedies. [R. 9 at 7-9] On the merits, the warden contends that Tran's disciplinary conviction was imposed in compliance with due process requirements. *Id*. at 9-16.

**II**

The Court has reviewed the submissions of the parties, and agrees that the petition must be denied for the reasons stated by the warden. First, Tran self-evidently failed to properly and fully exhaust his administrative remedies. Before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). This case underscores the importance one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Without such an administrative record explaining the DHO's decision and the reasons for it, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition. Here, Tran repeatedly failed to comply with two straightforward administrative requirements – including with his appeal a copy of the DHO decision at issue, and filing in the proper regional office – and he refused numerous invitations by SERO to correct it. The BOP itself was not entirely without error in administering its grievance system in this instance, but its transgressions were minor and, more importantly, in no way impeded Tran from pursuing his appeal in a proper manner.

And, as a separate matter, during the inmate grievance process Tran never raised his claim that he was charged under the wrong Prohibited Action Code because the music player could not

4

be disruptive or used as a weapon. He therefore he may not assert it now for the first time. *Cf. Pruitt v. Holland*, No. 10-CV-111-HRW, 2011 WL 13653, at *4-6 (E.D. Ky. Jan. 4, 2011) ("... a grievance must provide notice of the problem at hand, and if identification of a particular legal theory is necessary to give such notice, it must be set forth in the grievance."); *Velazquez-Armas v. Copenhagen*, No. 1:13-CV-01014 JLT HC, 2014 WL 4211093, at *6 (E.D. Cal. Aug. 26, 2014) ("...in none of Petitioner's administrative appeals did he argue that a cell phone was not a hazardous tool. He is not permitted to address an issue here that he did not raise during the administrative process.").

Second, Tran's petition fails to establish any substantive basis to undermine the imposition of disciplinary sanctions. Where, as here, a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013). When determining whether a decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses. It asks only "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *Higgs v. Bland*, 888 F. 2d 443, 448-49 (6th Cir. 1989).

Tran does not contend that he was not afforded these protections. Instead, he first argues that a portable music player is not a weapon and that his possession of it was not disruptive of the orderly running of the prison, and hence he did not violate Prohibited Action Code 108. As a factual matter, Tran was convicted of Prohibited Action Code 199, not Code 108. In any event, courts have consistently rejected this legal argument. *Cf. Angel v. Dept. of Justice*, No. 15-7514(RMB), 2016 WL 3545097, at *4-5 (D.N.J. June 28, 2016) (noting that the "MP3 player at issue was contraband because it had recording capabilities, and Petitioner also possessed an additional memory card for the player. ... An MP3 player with recording capabilities and memory could be used to record and save messages, which in turn could be used for planning escapes or planning other disturbances in the institution."); *Fernandez v. Spaulding*, No. CV 18-10732-TSH, 2019 WL 1921708, at *2 n.2 (D. Mass. Apr. 30, 2019).

Tran did not argue to the DHO that he was not in possession of the music player, but contended for the first time in his administrative appeals that it did not belong to him. Tran repeats that argument here. But as a threshold matter, the Prohibited Action Code does not require ownership of the object, only its *possession* by the inmate, something has Tran never contested. And in light of the evidence before the DHO, including an attested statement by the officer who conducted the search, the chain-of-custody log, and the photographs of the player, the DHO's conclusion that Tran possessed the music player was amply supported by "some evidence." *Hill*, 472 U.S. at 455-56.

Finally, the DHO Report contained anomalous references to another inmate, references which are likely artifacts of another report the DHO may have used as a template to draft the Report for Tran's disciplinary proceedings. Regardless, the Report correctly identifies Tran as the inmate facing charges and accurately sets forth the events giving rise to the charges and evidence

6

relied upon to find him guilty of the offense. [R. 9-1 at 13-15] Nothing in the Report suggests that the DHO was either confused as to whether Tran was involved or believed that the other inmate had any role in the charged offense. The scrivener's errors about which Tran complains do not undermine the validity of his disciplinary conviction. *Cf. Gormsen v. Snyder-Norris*, No. 15-CV-85-HRW, 2016 WL 1271026, at *5 (E.D. Ky. March 29, 2016).

Accordingly, it is **ORDERED** as follows:

1. Petitioner Tran's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated November 03, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY